UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JERRY JAMES CASWELL and
JANE MARIE CASWELL,

      Debtors.

_____/

Case No. 10-15167
Chapter 7

**ORDER DENYING MOTION TO SET ASIDE ORDER CLOSING CASE**

PRESENT:    HONORABLE SCOTT W. DALES
               Chief United States Bankruptcy Judge

On January 23, 2014, Jeff A. Moyer, then serving as chapter 7 trustee, filed an electronic entry entitled Chapter 7 Trustee's Report of No Distribution (the "NDR"), certifying that the property of the estate had been fully administered and requesting to be discharged as trustee. In reliance on the NDR,[1] the court entered an electronic Text Order of Final Decree (the "Final Decree," DN 100), declaring the estate fully administered, discharging Mr. Moyer as trustee, and closing the case. On April 2, 2014, Mr. Moyer filed a Motion to Set Aside Order Closing Case (the "Motion," DN 101).

The Motion does not identify under what authority Mr. Moyer seeks to "set aside" the Final Decree. It is conceivable he is seeking to reopen the case to administer assets, as contemplated in § 350(b), but his use of the term "set aside," his reference to his office closing the case "erroneously," and the concern he expressed about the statute of limitations under § 546(a)(2) all suggest he may be relying on Fed. R. Bankr. P. 9024. Because the Motion is unclear, however, the court is left to speculate.

---

[1] The court's closing procedure, in which the court enters final decrees in response to NDRs, derives from the Amended Memorandum of Understanding Between the Executive Office for United States Trustee and the Administrative Office of the United States Courts Regarding Case Closing and Post-Confirmation Chapter 11 Monitoring (April 1, 1999) (available at http://www.justice.gov/ust/eo/rules_regulations/mou99/).

The closing of a bankruptcy case, though in many respects ministerial, also has substantive consequences under various provisions of the Bankruptcy Code. For example, closing the case effects a constructive abandonment of estate property under § 554(c), if the property has been scheduled, and it also marks the end of the limitations period for most avoidance actions under § 546(a)(2). Similarly, the court does not close a case until the trustee is discharged. 11 U.S.C. § 350(a). Whether the circumstances prompting the Motion support reopening the case or setting aside the order closing it, therefore, is significant in several respects.

If the Motion is premised on Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), the vague reference to closing the case "erroneously" falls short of establishing "mistake, inadvertence, surprise, or excusable neglect" under Fed. R. Civ. P. 60(b)(1). *See* Motion at ¶ 3. Suggesting that the Final Decree was somehow "improvident" adds nothing. *Id.* at ¶ 4. The Motion does not suggest any other basis under Fed. R. Civ. P. 60(b).

Moreover, as requested, the Final Decree discharged Mr. Moyer as trustee, which may undercut his standing, perhaps making the United States Trustee the appropriate person to bring a motion to reopen or for relief under Fed. R. Civ. P. 60(b).

Although Mr. Moyer might reasonably expect to be reappointed as trustee if the Motion were brought under § 350(b), reappointment is not inevitable. The United States Trustee, rather than the court, is usually the entity that selects chapter 7 trustees, and when reopening a case, the court must first determine whether it is necessary to appoint a trustee. *See* 11 U.S.C. §§ 701-702 (appointment and election of trustee); Fed. R. Bankr. P. 5010 (when a case is reopened a trustee shall not be appointed unless court determines that appointment is necessary). Setting aside the Final Decree, however, might effect the automatic reinstatement of Mr. Moyer as trustee,

perhaps impinging on the authority of the United States Trustee.  Moreover, other than the nonspecific reference to error and improvidence, and the inference of possible-but-unidentified avoidance claims, the Motion offers no basis for reappointing a trustee.

The court has recently seen several similar motions from Mr. Moyer, including at least one that has drawn objection, and the court must insist that such motions "state with particularity the grounds therefor" before visiting substantive consequences on unidentified persons, including the debtor, potential avoidance defendants, and the United States Trustee.  Fed. R. Bankr. P. 9013.  The court has decided to deny the Motion without oral argument in an effort to save the expense and delay of holding a hearing on a motion that is clearly deficient as drafted.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 101) is DENIED without prejudice to renewal upon a proper showing of standing and cause for the relief requested.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeff A. Moyer, Esq., Andy Vara, Esq., Thomas A. Riegler, Esq.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to first-class United States mail upon the Debtors at their address of record.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated April 4, 2014**



Scott W. Dales
United States Bankruptcy Judge